# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SILVIA YOVTCHEVA

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste.900, Philadelphia, PA 19102
215-351-0200

### DEFENDANTS

G. ANTHONY YUTHAS, ESQ.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
    *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
|    of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage |    Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |    Medical Malpractice | |    Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |    Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act |    or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |    Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    26 USC 7609 |    Agency Decision |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |    State Statutes |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other | ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C.§1692k et seq.

Brief description of cause: fraudulent debt resolution/collection services in violation of FDCPA et al.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes    ☐No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE   6/16/17

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

SILVIA YOVTCHEVA : CIVIL ACTION
:
v. :
:
G. ANTHONY YUTHAS, ESQ. et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241
through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 8. ( )

(d) Asbestos -- Cases involving claims for personal
injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into
tracks (a) through (d) that are commonly referred to
as complex and that need special or intense management
by the court. (See reverse side of this form for a
detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any
one of the other tracks. ( X )

_6/16/17_                    _MM Cocco_
(Date)                        Attorney-at-law

                              ROBERT P. COCCO, ESQ.          .
                              Attorney for Plaintiff

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: <u>2375 Woodward St., Apt. 702, Philadelphia, PA 19115</u>

Address of Defendant: <u>2 Baldwin Place, Chester, PA 19022.</u>

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                                                                      Yes ☐     No ☑

*RELATED CASE, IF ANY:*          None.

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

                                                                                                                                 Yes ☐     No ☑

2.   Does this case involve the same issue of factor grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

                                                                                                                                 Yes ☐     No ☑

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

                                                                                                                                 Yes ☐     No ☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*                                                      B. *Diversity Jurisdiction Cases:*

1.   ☐  Indemnity Contract, Marine Contract, and All Other Contracts          1. ☐ Insurance Contract and Other Contracts

2.   ☐  FELA                                                                  2. ☐ Airplane Personal Injury

3.   ☐  Jones Act-Personal Injury                                             3. ☐ Assault, Defamation

4.   ☐  Antitrust                                                             4. ☐ Marine Personal Injury

5.   ☐  Patent                                                                5. ☐ Motor Vehicle Personal Injury

6.   ☐  Labor-Management Relations                                            6. ☐ Other Personal Injury (Please specify)

7.   ☐  Civil Rights                                                          7. ☐ Products Liability

8.   ☐  Habeas Corpus                                                         8. ☐ Products Liability - Asbestos

9.   ☐  Securities Act(s) Cases                                               9. ☐ All other Diversity Cases

10.  ☐  Social Security Review Cases

11.  ☑  All other Federal Question Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, <u>Robert P. Cocco,</u> _____ counsel of record do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑  Relief other than monetary damages is sought.

DATE: 6/16/17 _____      Robert P. Cocco _____      61907 _____
                                   Attorney-at-Law                          Attorney I. D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/16/17 _____      _____      61907 _____
                                   Attorney-at-Law                          Attorney I.D.#

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SILVIA YOVTCHEVA,<br><br>      Plaintiff,<br>  v.<br><br>G. ANTHONY YUTHAS, ESQ.,<br>individually and d/b/a LAW OFFICES OF<br>G. ANTHONY YUTHAS and d/b/a<br>HARBOR LEGAL GROUP, LLC<br><br>LAW OFFICES OF G. ANTHONY<br>YUTHAS<br><br>HARBOR LEGAL GROUP, LLC<br><br>FINANCE SOLUTIONS LLC,<br><br>      Defendants. | Civil Action No. 17-2726 |

**COMPLAINT**

**Jurisdiction and Venue**

  1.  Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

  2.  Venue lies in this judicial district in that the events which gave rise to this claim occurred here.

**Parties**

3.      Plaintiff, SILVIA YOVTCHEVA, is an adult individual residing at 2375 Woodward St., Apt. 702, Philadelphia, PA 19115.

4.      Defendant, G. ANTHONY YUTHAS ("Attorney Yuthas") d/b/a Law Offices of G. Anthony Yuthas and Harbor Legal Group, LLC is an adult individual doing business as a debt settlement organization at 200 Union Blvd, Suite 200, Lakewood, Colorado, 80228, at all times material also doing business as an attorney admitted to practice of law in the State of Colorado and not so admitted in the Commonwealth of Pennsylvania.

5.      Defendant LAW OFFICES OF G. ANTHONY YUTHAS ("Law Firm"), with principal offices at 200 Union Blvd, Suite 200, Lakewood, Colorado, 80228, is a professional corporation conducting business in the Commonwealth of Pennsylvania.

6.      Defendants Yuthas and Law Firm are sometimes collectively referred to herein as "the Yuthas Defendants".

7.      Defendant, HARBOR LEGAL GROUP, LLC ("Harbor"), is a Colorado limited liability corporation maintaining a principle place of business at 200 Union Blvd, Suite 200, Lakewood, Colorado, 80228 and is at all times material business as a debt settlement organization.

8.      Defendant, FINANCE SOLUTIONS LLC ("FS"), is a New York limited liability corporation maintaining a principle place of business at 132 East 43rd Street # 237, New York, NY 10017 and is at all times material business as a debt settlement organization.

9.      Upon information and belief, Harbor is nothing more than an alter ego of

2

Yuthas over which Yuthas exercised complete dominion and control as a vehicle for Yuthas and his accomplices to deceive unsuspecting and desperate consumers into paying them large sums of money under the pretext of "debt settlement". The scheme involved promising debt relief to vulnerable consumers which is nothing more than an illusory scheme to collect funds from these consumers that they could better use themselves to negotiate debt settlements or pursue alternate traditional forms of debt remediation as discussed below.

10.     At all times relevant hereto, defendants acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

**Background - Nature of Debt Settlement Operations Generally**

11.     Debt settlement is a form of consumer debt relief, targeted to consumers with thousands of dollars of unsecured debt.

12.     Unlike debt remediation options such as traditional credit counseling, debt management plans, debt consolidation loans, and possibly bankruptcy, debt settlement is an aggressive form of debt relief in which consumers stop paying all of their unsecured debts and begin saving the money they would normally use to pay those debts.

13.     After several months, when the accounts are in default, the debt settlement company will contact the creditor, and negotiate a lump-sum payoff of the debt, ideally at a highly reduced percentage.

14.     The consumer then uses the money that he/she has been saving to pay the lump-sum, and can then have the benefit of a significant portion of their original debt being forgiven. As will be described later herein, defendants did not allow plaintiff to use

3

saved funds for negotiated payoffs but incredibly demanded additional funds towards such payments.

15.     Because debt settlement only works if consumers are not making monthly payments on their unsecured debts (since creditors will not want to settle a debt if they are receiving monthly payments), there are inherent risks involved with participating in a debt settlement program that can have catastrophic effects on the consumer. Specifically, consumers entering a debt settlement program may experience any or all of the following:

    a.  Because the creditor is no longer receiving monthly payments, creditors will likely engage in collection activities including filing a lawsuit against the consumer for breaking their contract.

    b.  The consumer will owe significantly more on their account if a settlement is reached and concomitantly reduce the actual savings from the debt settlement program because creditors will continue to assess interest, late fees, over-limit charges, and any other fees associated with the account.

    c.  The consumer's credit reports will reflect the late charges and non-payment of their unsecured debt causing the consumer's credit score to drop while participating in the program and the consumer may experience the long term effects of a low credit score, which can include difficulty in buying a house or car, obtaining insurance, or obtaining employment.

    d.  Creditors are under no obligation to accept, or even entertain, a settlement offer.

16.     Debt settlement is largely a "for-profit" industry involving companies

4

charging consumers large fees typically calculated as a percentage of the total debt the consumer brings into the program and often collected in the first several months of the program.

**Factual Allegations**

17.    On or about May 16, 2015, plaintiff entered into a standardized adhesion contract of exculpation in an illusory several page contract whereby she agreed to pay substantial sums to defendant, but in the exculpatory fine print defendant essentially disclaimed any obligation to perform any debt settlement or legal services for her, and disclaimed any representations that it would actually perform such services.

18.    In order to get relief from her over $33,000 debt in cumulative debt from six (6) credit cards, Plaintiff had to agree to pay a flat retainer Fee of $900.00, and a $515.66 monthly payment which ostensibly includes a monthly maintenance fee of $89.00 for "debt review" and other fees and charges, and accumulate additional funds in a separate "settlement savings fund" escrow account.

19.    On or about May 21, 2015, plaintiff began communicating via email with defendant FS regarding the debt settlement services she contracted for with the Yuthas defendants.

20.    Upon information and belief, the Yuthas defendants contracted with FS to negotiate the debt settlement it had contracted with plaintiff to effectuate despite the fact that FS does not appear as a party to the debt settlement contract between plaintiff and the Yuthas defendants.

21.    Plaintiff paid twenty one (21) monthly staggered installments of $515.66 and was obligated to do prior to the performance of any debt negotiation activities.

22.     The contract's term is four (4) years to purportedly accumulate sufficient reserves to negotiate plaintiff's debts with his creditors.

23.     In February 2017, plaintiff was contacted by someone from defendant HLG with a proposed settlement of a $1,155.15 debt for $739.30 to be paid from her HLG savings account.

24.     Plaintiff approved the settlement and paid it(?).

25.     In May 2017, plaintiff was contacted by someone from defendant HLG with a proposed settlement of a $2,133.65 debt for $1,066.83 to be paid, to plaintiff's surprise, from her own funds rather than the over $111,000 in her HLG savings account.

26.     Shocked at the prospect of paying the proposed settlement from funds in addition to the $11,000+ already paid to defendants over two (2) years with only a $300 reduction of debt to show for it, plaintiff recognized the nature of the fraudulent debt relif scheme that defendants had perpetrated upon her.

27.     Defendants' contract with plaintiff for debt settlement services is void insofar as it promises nothing real and its purpose is to give the appearance of legal propriety to illegal debt settlement activities detailed in this Complaint, thereby enriching defendant at the expense of heavily indebted Pennsylvania consumers, and preempting for itself consumers' money that should have been used to pay creditors or to file for bankruptcy relief.

28.     Plaintiff suffered ascertainable loss by reason of defendant's actions.

**Causes of Action**

### COUNT I – Violations of the FDCPA
### (Plaintiff v. All defendants)

29.     Plaintiff incorporates all foregoing allegations as though set forth in full.

6

30.     At all times relevant hereto Defendants were regularly engaged in attempting to collect debts and were attempting to collect for creditors debts incurred for personal, family or household purposes such that each debit is a "debt" as defined by 15 U.S.C. § 1692a(5).

31.     The above contacts made between the Plaintiff and Defendants regarding the debt settlements including the May 2017 debt settlement were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32.     Because Defendants' business model is premised on compromising the amount of debt owed rather than eliminating it as an attorney filing a chapter 7 bankruptcy or defending a debt collection litigation, all of the above contacts by Defendants were with the purpose of engaging or aiding indirectly in collecting plaintiff's debts owed or alleged to be owed to her creditors.

33.     Defendants, by their conduct as described above, including but not limited to failing to settle the May 2017 debt for plaintiff's creditor from the HLG "settlement savings fund" escrow account violated the FDCPA including but not limited to the following:

   a) §1692e(5), engaged in false, deceptive, and misleading representations in connection with the debt collection activities described herein;

   b) §1692f Otherwise used unfair or unconscionable means to collect or attempt to collect a debt by collecting funds form plaintiff towards an illusory promise of debt remediation when, instead, any financial benefit to plaintiff derived from the *de minimis* debt reduction sought by defendants was overwhelmed by the fees and charges collected by

defendants resulting in no net financial relief to plaintiff and instead worsened her financial burdens.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) and
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)
### (Plaintiff v. All defendants)

34.     Plaintiff incorporates all foregoing allegations as though set forth in full.

35.     Defendants are each a "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA in that, at all times herein, defendant was "engaging or aiding directly or indirectly in collecting a debt owed or alleged to be owed a creditor".

36.     Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

37.     All of the above contacts by Defendants with plaintiff, including but not limited to  attempting to settle the May 2017 debt, were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

38.     Because Defendants' business model is premised on compromising the amount of debt owed rather than eliminating it as an attorney filing a chapter 7 bankruptcy or defending a debt collection litigation, all of the above contacts by Defendants were with the purpose of engaging or aiding indirectly in collecting plaintiff's debts owed or alleged to be owed to her creditors.

39.     The foregoing acts and omissions of defendant, including but not limited to failing to settle the May 2017 debt for plaintiff's creditor from the HLG "settlement savings fund" escrow account and giving plaintiff a futile illusory contract to conceal the fact that defendants are not providing plaintiff with any legal services to settle any of her

8

debts constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

a) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

b) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

c) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

40.    Defendants' acts as described above were also violations of similar provisions in the Fair Debt Collection Practices Act ("FDCPA") which thereby renders such acts *per se* unfair and deceptive practice violations of the Unfair Trade Practices Consumer Protection Law, 73 P.S. § 201-1 *et. Seq.*, FCEUA, 73 P.S. § 2270.4(a).

## COUNT III
### Breach of Contract/ Covenant of Good Faith and Fair Dealing
### (Plaintiff v. All defendants)

41.    Plaintiff incorporates all foregoing allegations as though set forth in full.

42.    Plaintiff and Defendants entered into a contract for legal services.

43.    Defendants' aforementioned conduct constitutes a breach (express, implied, or as a matter of law) of that agreement to provide competent and effective legal services, as well as a breach of the covenant of good faith and fair dealing.

44.    As a direct and proximate cause of the aforementioned breach of the agreement to provide legal services, Plaintiff has been damaged, as set forth above.

9

## COUNT IV
### Professional Negligence/Malpractice
### (Plaintiff v. Yuthas and Law Firm)

45.     Plaintiff incorporates all foregoing allegations as though set forth in full.

Defendants breached their duty of care to Plaintiff, acting negligently, recklessly, and

carelessly failing to provide appropriate and necessary legal advice regarding plaintiff's

debt remediation such that defendants paid defendants far more than the de minimis

reduction of her overall debt burden so as to worsen her overall financial situation.

46.     As set forth above and at all times material hereto, Defendants failed to

possess and/or exercise the ordinary skill, knowledge and care normally possessed and

exercised by members of good standing in the legal profession.

47.     As a direct and proximate result of Defendants, negligence, carelessness

and recklessness, Plaintiff suffered actual loss in the amount of thousands of dollars paid

as described herein for no benefit derived and continued credit damage over the last two

years.

## COUNT V - Breach of Fiduciary Duty
### (Plaintiff v. Yuthas and Law Firm)

48.     Plaintiff incorporates all foregoing allegations as though set forth in full.

49.     Plaintiff and Defendants were in a fiduciary, attorney-client relationship.

50.     Defendants' aforementioned conduct constitutes a breach of that fiduciary

relationship.

51.     As a direct and proximate cause of the aforementioned breach of fiduciary

duty, Plaintiff has been damaged (as set forth above).

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against defendants, jointly and

severally, or singly as indicated, for:

    (a) Actual damages in the form of emotional distress and statutory damages in a sum to be determined for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

    (b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

    (c) Actual and compensatory Damages against defendants;

    (d) Actual damages pursuant to 73 P.S.§ 201-9.2(a) against Defendants;

    (e) Treble actual damages pursuant 73 P.S.§ 201-9.2(a) against Defendants;

    (f) Costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a), and;

    (g) Such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

    Plaintiff demands trial by jury.

ROBERT P. COCCO, P.C.
BY:    /s/Robert P. Cocco

Attorney for Plaintiff

Dated: June 16, 2017

11